UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STANLEY OLDHAM<br>3899 Holletts Corner Road<br>Clayton, DE 19938<br><br>        Plaintiff,<br>v.<br><br>DONJON MARINE CO., INC.<br>100 Central Avenue<br>Hillside, NJ 07205<br><br>        Defendant. | CIVIL ACTION - LAW<br><br><br>NO. 2:22-cv-1736<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT**
**(WAIVER OF FILING FEE 28 U.S.C. §1916)**
**JURY TRIAL DEMANDED**

COMES NOW the plaintiff, STANLEY OLDHAM, by and through his undersigned counsel, and claims of the defendant, DONJON MARINE CO., INC., an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00) in damages upon the following causes of action:

PARTIES

1. Plaintiff, STANLEY OLDHAM, is a citizen and resident of the State of Delaware, residing at 3899 Holletts Corner Road, Clayton, DE, 19938.

2. Defendant DONJON MARINE CO., INC.("DONJON") is a marine construction services company engaged in dredging operations, with a principal place of business at 100 Central Avenue, Hillside, NJ 07205.

## JURISDICTION

3. Plaintiff hereby claims of Defendant a sum in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) in damages upon the causes of action set forth below.

4. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1331, federal question jurisdiction.

## FIRST CAUSE OF ACTION
### 28 U.S.C. §1331
### JONES ACT, 46 U.S.C.A. §688, et seq.
### STANLEY OLDHAM v. DONJON MARINE CO., INC.

5. STANLEY OLDHAM is a seaman.

6. This cause of action is brought pursuant to the Maritime Law of the United States as modified by the Jones Act, 46 U.S.C. §688, et seq.

7. Plaintiff hereby demands a jury trial.

8. Plaintiff STANLEY OLDHAM is a U.S. citizen presently residing in Clayton, DE.

9. At all times material hereto, Defendant, DONJON is a corporate entity organized and existing under the laws of the State of New Jersey, with a principal place of business at 100 Central Avenue, Hillside, NJ 07205.

10. At all times material hereto, Defendant owned, operated, managed, possessed, and controlled a vessel named "Delaware Bay".

11. At all times material hereto, Plaintiff was a member of the crew, and assigned as an Mate to the Defendant's vessel, "Delaware Bay," at a rate of pay and for the terms set forth in his contract of employment.

12. At all times material hereto, Defendant owned, operated, managed, possessed, and

controlled a fleet and/or flotilla of vessels, included but not limited to the vessel, "Delaware Bay," as well as numerous other vessels, at and in furtherance of its marine operations, on and upon navigable waters at or near Pier 9 in New York, NY.

13. On or about October 4, 2020, while in the course and scope of his employment for the Defendant, Plaintiff was caused to sustain severe and disabling injuries, including but not limited to his right hand and right index finger, due to the negligence, carelessness, recklessness, and/or wilful misconduct of Defendant by and through its agents, employees, and/or ostensible agents, the unseaworthiness of the vessel, "Delaware Bay," and/or the unseaworthiness of other vessels in the Defendant's fleet and/or other appurtenances and equipment of its fleet.

14. Plaintiff's injuries were caused both directly and proximately by the negligence, gross negligence, carelessness, recklessness and/or unlawful conduct of the Defendant, by and through its agents, servants and/or employees and/or its ostensible agents, servants and/or employees, by the unseaworthiness of the vessel, "Delaware Bay," and/or the unseaworthiness of other vessels in the Defendant's fleet and/or other appurtenances and equipment of its fleet, and/or by the Defendant's breach of its obligations under the circumstances, including but not limited to, violation of OSHA, Coast Guard and/or other regulations and/or violation of other safety regulations and/or standards, in the following respects which include, but are not limited to:

(a) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to maintain the vessel, "Delaware Bay," in a reasonably safe condition;

(b) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to maintain the bucket in a reasonably

safe condition;

(c) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to properly train and/or supervise the Plaintiff and/or the other members of the crew of the "Delaware Bay," and/or other vessels in the Defendant's fleet;

(d) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to properly operate the subject vessel(s);

(e) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to provide proper equipment on and/or for the subject vessel(s), including but not limited to the bucket at issue;

(f) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment;

(g) failing to provide proper manpower;

(h) failing to provide plaintiff with the proper equipment in order to adequately perform his duties;

(i) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by requiring plaintiff to perform his assigned job tasks in an area made unsafe due to the presence of a dangerous condition;

(j) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by requiring plaintiff to perform his assigned job tasks in an area made unsafe due to the presence of a dangerous condition;

(k) failing to warn plaintiff of the dangerous and/or hazardous condition of the

work area which was made unsafe due to the presence of a dangerous condition;

(l)     failing to remedy and/or correct the defective, dangerous and/or hazardous conditions of the subject work area, as described above, when the defendant knew or should have known that said conditions existed;

(m)     failing to comply with governmental and/or other applicable safety regulations and/or guidelines concerning the maintenance, operation and/or use of the subject vessel(s) ;

(n)     failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous conditions of the work area and the dangerous working conditions involving the subject vessel(s);

(o)     failing to provide plaintiff with a reasonably safe place to work by requiring plaintiff to perform his job duties in the immediate presence of a dangerous condition which posed an unreasonable risk of harm to plaintiff;

(p)     failing to provide a seaworthy vessel or vessel(s), including but not limited to the vessel, "Delaware Bay;"

(q)     failing to provide a seaworthy fleet and/or other appurtenances and equipment of its fleet;

(r)     failing to properly operate its fleet; and

(s)     breaching its obligations under the circumstances.

15.     Solely by reason of the negligence, carelessness, recklessness and/or unlawful conduct of the Defendant, by and through its agents, servants, workmen and/or employees, by the unseaworthiness of the vessel, "Delaware Bay," and/or the unseaworthiness of other vessels in the Defendant's fleet and/or other appurtenances and equipment of its fleet, and/or by the defendant's

breach of its obligations under the circumstances, including but not limited to, violation of OSHA, Coast Guard and/or other regulations, and/or violation of other safety regulations and/or standards, plaintiff was caused to sustain serious personal injuries.

16. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the Defendant, as more fully set forth above, Plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and/or activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of, any other personal injuries he may have sustained, Plaintiff suffered injuries to his right hand and index finger, by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

17. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the Defendant, as more fully set forth above, Plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect a cure and/or a diminution of his injuries.

18. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the Defendant, as more fully set forth above, Plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restrict of his usual activities, pursuits and pleasures.

19. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the Defendant, as more fully set forth above, Plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional

financial expenses and/or losses.

20. The injuries sustained by Plaintiff were caused solely and proximately by the negligence of the Defendant, its agents, servants and/or employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the Plaintiff.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant and award the following relief: compensatory damages in an amount to be determined; damages in an amount of all consequential damages of defendant's conduct including, but not limited to, all attorneys' fees and costs incurred as a result of the defendants' actions; damages for all pain and suffering ensured by plaintiff; punitive damages; costs, interest and attorneys' fees; and any other such further and additional relief that this Honorable Court deems appropriate.

A jury trial is demanded.

SECOND CAUSE OF ACTION
In Admiralty
STANLEY OLDHAM v. DONJON MARINE CO., INC.

Plaintiff claims of Defendant maintenance and cure and wages and compensatory damages, pain and suffering, punitive damages, attorneys fees and costs in such amount as may be determined by the Court upon the following cause of action:

21. Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint as if same were fully set forth herein at length.

22. Plaintiff by virtue of his service upon Defendant's vessel(s) "Delaware Bay" as well as on or upon the Defendant's fleet of vessels, claims maintenance and cure and wages for the

period of his disability in an amount which the Honorable Court shall deem just and proper upon the trial of this cause.

23.     Defendant arbitrary and capricious refusal to pay Plaintiff maintenance and furnish Plaintiff appropriate and reasonable cure under the circumstances has severely and negatively effected Plaintiff's recovery and Plaintiff claims compensatory damages, pain and suffering, punitive damages, attorneys fees and costs in an amount which the Honorable Court shall deem just and proper upon the trial of this cause.

24.     All and singular, the premises contained herein are true and within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for such maintenance and cure and wages as the Court may determine to be due and owing upon the trial of this cause, and for such compensatory damages, pain and suffering, punitive damages, attorneys fees, costs and interest as the Court may deem just and proper.

A jury trial is demanded.

BARISH♦ROSENTHAL

_____
Samuel J. Rosenthal, Esquire
Attorney for Plaintiff

Dated: March 29, 2022

## **VERIFICATION**

I, Stanley Oldham, hereby state that I am the Plaintiff herein and verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties relating to unsworn falsification to authorities.

Date: 3/25/2022

_____
STANLEY OLDHAM